# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GERMAN UJUETA,
(A Number: 087-531-832)

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-07648-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**

(Doc. 1

FOURTEEN-DAY DEADLINE

German Ujueta is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging his continued detention.

**FACTUAL SUMMARY**

Petitioner is a native and citizen of Columbia. *German U. v. Chestnut*, No. 1:26-CV-05200-JLT-EGC (HC), 2026 WL 2199305, at *1 (E.D. Cal. July 30, 2026), *report and recommendation adopted in part, rejected in part*, No. 1:26-CV-05200-JLT-EGC (HC), 2026 WL 2350009 (E.D. Cal. Aug. 13, 2026). Petitioner is currently being detained at the California City Immigration Processing Center in California City, California. (Doc. 1 at 1). He was taken into Immigration and Customs Enforcement ("ICE") custody on April 30, 2026, and has been detained continuously by ICE since that date. On September 3, 2026, an order of removal from the United States became final. (Doc. 9 at 2).

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3). A habeas

corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *United States v. Poopola*, 881 F.2d 811, 812 (9th Cir. 1989).

In the instant case, it appears Petitioner brings the same claims already adjudicated in Petitioner's prior petition. *Compare* (Doc. 1), *with German U. v. Chestnut*, No. 1:26-CV-05200-JLT-EGC (HC), 2026 WL 2350009 (E.D. Cal. Aug. 13, 2026). Insofar as Petitioner contends that Respondents have violated his due process rights by not providing him with a bond hearing, the undersigned finds that the record demonstrates that Petitioner was scheduled for a bond hearing upon the Court's order in the prior petition, which was after an Immigration Judge ordered Petitioner removed but before that removal became final. (Doc. 9-1; Doc. 9-2 at 1). However, Petitioner requested additional time and the hearing was rescheduled for October 2, 2026, a date after Petitioner's removal order became final and the relevant detention authority changed to mandatory detention under 8 U.S.C. § 1231(a). (Doc. 9-2).

Insofar as Petitioner's petition can be read as claiming that he is being indefinitely detained by ICE in violation of his Constitutional rights, that issue was addressed by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the U.S. Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority. *Id.* at 678. In addition, the Court held that the Immigration and Nationality Act's (INA) post-removal-period detention statute does not permit indefinite detention but "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. When faced with making such a determination, the Court must consider "the basic purpose of the statute, namely assuring the alien's presence at the moment of removal." *Id.* at 699. The Court must take appropriate account of the Executive Branch's "greater immigration related expertise," the Bureau's

"administrative needs and concerns," and the "Nation's need to speak with one voice on immigration." *Id.* at 700. The Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of detention" of six months. *Id.* at 701. The burden is on the alien to show that there is no reasonable likelihood of repatriation. *Id.* ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). After six months and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* However, where an alien seeks release before expiration of the presumptive six-month period, his claims are unripe for federal review. *See Abbott Lab'ys, Inc. v. Gardner*, 387 U.S. 136, 148- 49 (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

In this case, Petitioner has remained in the custody of ICE since April 30, 2026, but his detention pursuant to 8 U.S.C. § 1231(a) began on September 4, 2026. Therefore, Petitioner's current detention is still within the six month "presumptively reasonable period of detention." *Id.* Petitioner's allegation alone is, therefore, insufficient to overcome the presumption of reasonableness of the six-month period and his claims of constitutional violations are not ripe for review. Should Petitioner's detention continue past the six-month presumptive period, he may re-file the instant federal action and obtain review. At that time, however, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition, (Doc. 1), be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE